**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| ROKSTAD HOLDINGS CORPORATION, | Case No. 24-12645 (MFW) |
| Debtor in a Foreign Proceeding. | |
| In re: | Chapter 15 |
| ROKSTAD POWER (EAST), INC., | Case No. 24-12656 (MFW) |
| Debtor in a Foreign Proceeding. | |
| In re: | Chapter 15 |
| ROKSTAD POWER (2018) LTD., | Case No. 24-12649 (MFW) |
| Debtor in a Foreign Proceeding. | |
| In re: | Chapter 15 |
| ROKSTAD POWER INC. | Case No. 24-12646 (MFW) |
| Debtor in a Foreign Proceeding. | |
| In re: | Chapter 15 |
| GOLDEN EARS PAINTING & SANDBLASTING (2018) INC. | Case No. 24-12650 (MFW) |
| Debtor in a Foreign Proceeding. | |
| In re: | Chapter 15 |
| PLOWE POWER SYSTEMS (2018) LTD. | Case No. 24-12652 (MFW) |
| Debtor in a Foreign Proceeding. | |
| In re: | Chapter 15 |
| ROKSTAD POWER (PRAIRIES) LTD. | Case No. 24-12653 (MFW) |
| Debtor in a Foreign Proceeding. | |

| | |
|---|---|
| In re: | Chapter 15 |
| ROKSTAD POWER TRANSMISSION SERVICES LTD. | Case No. 24-12654 (MFW) |
| Debtor in a Foreign Proceeding. | |
| In re: | Chapter 15 |
| ROKSTAD POWER CONSTRUCTION SERVICES LTD. | Case No. 24-12655 (MFW) |
| Debtor in a Foreign Proceeding. | |
| In re: | Chapter 15 |
| ROK AIR, LLC | Case No. 24-12657 (MFW) |
| Debtor in a Foreign Proceeding. | |

**ORDER DIRECTING (I) JOINT ADMINISTRATION OF
CASES UNDER CHAPTER 15 OF THE BANKRUPTCY CODE; (II)
AUTHORIZING FOREIGN REPRESENTATIVE TO FILE CONSOLIDATED
LISTS OF INFORMATION REQUIRED BY BANKRUPTCY RULE 1007(A)(4); AND
(III) AUTHORIZING REDACTION OF CERTAIN PERSONAL IDENTIFYING
INFORMATION WITHIN THE CONSOLIDATED LISTS**

Upon the motion (the "Motion")[1] of the Foreign Representative of the above-captioned

debtors (collectively, the "Debtors") for entry of an order (this "Order"): (a) directing the joint

administration of these Chapter 15 Cases for procedural purposes only; (b) authorizing the

Foreign Representative to file consolidated lists of information required by Bankruptcy

Rule 1007(a)(4); and (c) authorizing the Foreign Representative to redact certain personal

identifying information contained in the Consolidated Lists and other service lists and to redact

such information from any affidavit of service or other papers filed in these Chapter 15 Cases;

the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

28 U.S.C. §§ 157 and 1334; venue being proper before the Court pursuant to § 1410(1) and (3); and that this Court may enter a final order consistent with Article III of the United States Constitution; adequate and sufficient notice of the filing of the Motion having been given by the Foreign Representative; it appearing that the relief requested in the Motion is necessary and beneficial to the Debtors; and no objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.      The Motion is granted as set forth herein.

2.      These Chapter 15 Cases shall be, and they hereby are, consolidated pursuant to Bankruptcy Rule 1015(b), for procedural purposes only, and shall be jointly administered by the Court under Case No. 24-12645.

3.      The caption of each of these Chapter 15 Cases shall be modified to reflect the joint administration of these cases, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| ROKSTAD HOLDINGS CORPORATION, et al.,[1] | Case No. 24-12645 (MFW) |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |

---

[1]     The Debtors in these chapter 15 cases (the "Chapter 15 Cases"), along with the last four digits of each Debtor's unique identifier, are Rokstad Holdings Corporation (7932); Rokstad Power (2018) Ltd. (8273); Golden Ears Painting & Sandblasting (2018) Ltd. (8286); Plowe Power Systems (2018) Ltd. (8882); Rokstad Power (Prairies) Ltd. (9305); Rokstad Power Transmission Services Ltd. (9301); Rokstad Power Construction Services Ltd. (9295); Rokstad Power (East), Inc. (4090); Rokstad Power Inc. (4394); and Rok Air, LLC (6825).

4.      The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5.      A docket entry shall be made in each of the above captioned chapter 15 cases, other than on the docket of the case of Rokstad Holdings Corporation, to reflect the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 15 Cases of: Rokstad Holdings Corporation (24-12645); Rokstad Power (2018) Ltd. (24-12649); Golden Ears Painting & Sandblasting (2018) Ltd. (24-12650); Plowe Power Systems (2018) Ltd. (24-12652); Rokstad Power (Prairies) Ltd. (24-12653); Rokstad Power Transmission Services Ltd. (24-12654); Rokstad Power Construction Services Ltd. (24-12655); Rokstad Power (East), Inc. (24-12656); Rokstad Power Inc. (24-12646); and Rok Air, LLC (24-12657). The docket in Case No. 24-12645 should be consulted for all matters affecting this case. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 24-12645.**

6.      The Foreign Representative shall maintain, and the clerk of the Court shall keep, one consolidated docket, one file, and one consolidated service list in these Chapter 15 Cases. The Foreign Representative is authorized to send, as applicable, combined notices to the Debtors' creditors and other parties in interest.

7.      The Foreign Representative is authorized to redact the email addresses and home addresses of all individual persons from the Consolidated Lists, affidavits of service, or any other document filed with this Court in these Chapter 15 Cases; *provided*, that the Foreign Representative shall file unredacted versions of all such documents under seal with the Court, within three (3) business days of the later of (a) the date of this Order and (b) the date of filing of the relevant document, and shall provide an unredacted version of all such documents to (i) the

U.S. Trustee, and (ii) any other party in interest upon request, provided that such party in interest executes an appropriate confidentiality agreement reasonably acceptable to the Foreign Representative, or alternatively entry of an order granting a written motion to the Court that indicates the reason such information is needed. For the avoidance of doubt, the U.S. Trustee shall not be required to execute any confidentiality agreement or seek relief from this Court to receive unredacted copies of the documents filed in these Chapter 15 Cases.

8.      Nothing in this Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual solely because such individual's personally identifiable information is sealed or redacted pursuant to this Order. Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Order shall be confirmed in the corresponding affidavit of service. When serving any document or notice upon individuals whose personally identifiable information is sealed or redacted pursuant to this order, the Foreign Representative (and its agents, including Stretto) and, as applicable, the Clerk of the Court, shall use the individuals' residential addresses.

9.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 15 Cases.

10.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

11.     The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12.     The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry, and the clerk of the Court is hereby directed to enter this Order on the

docket in each Chapter 15 Case of the Debtors.

13.     The Court retains jurisdiction with respect to all matters arising from or related

to the implementation, interpretation, and/or enforcement of this Order.


**Dated: November 22nd, 2024**
**Wilmington, Delaware**

                                          **MARY F. WALRATH**
                                          **UNITED STATES BANKRUPTCY JUDGE**