**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| ROKSTAD HOLDINGS CORPORATION, et al.,[1] | Case No. 24-12645 (MFW) |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |

**MOTION TO SHORTEN NOTICE WITH RESPECT TO**
**MOTION FOR ORDER (I) RECOGNIZING AND ENFORCING THE OMNIBUS**
**APPROVAL ORDER; (II) APPROVING THE SETTLEMENT PURSUANT**
**TO BANKRUPTCY RULE 9019; AND (III) GRANTING RELATED RELIEF**

FTI Consulting Canada Inc. ("FTI"), in its capacity as the court-appointed receiver (in such capacity, the "Receiver") of the above-captioned debtors (collectively, the "Rokstad Group" or the "Debtors") and in its capacity as the authorized foreign representative (the "Foreign Representative") of the Debtors, which are the subject of a receivership proceeding (the "Canadian Receivership") pursuant to section 243(1) of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended (the "BIA") and section 39 of the *Law and Equity Act*, R.S.B.C. 1996 c. 253, as amended (the "LEA") pending before the Supreme Court of British Columbia in Bankruptcy and Insolvency (the "Canadian Court"), hereby files this motion (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), shortening the notice period with respect to the *Motion for Order (I) Recognizing and Enforcing the Omnibus Approval Order; (II) Approving the Settlement Pursuant to Bankruptcy Rule 9019; and (III) Granting Related Relief* (the "Settlement Motion")[2] [Docket No. 41], such

---

[1]    The Debtors in these chapter 15 cases (the "Chapter 15 Cases"), along with the last four digits of each Debtor's unique identifier, are Rokstad Holdings Corporation (7932); Rokstad Power (2018) Ltd. (8273); Golden Ears Painting & Sandblasting (2018) Ltd. (8286); Plowe Power Systems (2018) Ltd. (8882); Rokstad Power (Prairies) Ltd. (9305); Rokstad Power Transmission Services Ltd. (9301); Rokstad Power Construction Services Ltd. (9295); Rokstad Power (East), Inc. (4090); Rokstad Power Inc. (4394); and Rok Air, LLC (6825).

[2]    A capitalized term used but not defined herein shall have the meaning ascribed to it in the Settlement Motion.

that (i) the Settlement Motion may be considered at a hearing on January 2, 2025 at 2:00 p.m. (ET) (the "Hearing").  In support of this Motion to Shorten, the Foreign Representative respectfully state as follows:

## JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory basis for the relief requested herein is Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3.      On December 13, 2024, the Foreign Representative filed the Settlement Motion which seeks entry of an order: (a) granting recognition and enforcement of the Omnibus Approval Order; and (b) approving, pursuant to Bankruptcy Rule 9019, the Settlement between the Receiver and Stellex that is embodied in Settlement Agreement and has been approved by the Canadian Court pursuant to the Omnibus Approval Order.  Each of the parties to the Settlement are in agreement that the Settlement Motion should be heard on an expedited basis.

## RELIEF REQUESTED

4.      The Foreign Representative requests that the Court shorten the notice period for the Settlement Motion and (a) schedule the Settlement Motion for hearing on January 2, 2025 at 2:00

p.m. (ET), and (ii) set a deadline for filing responses to the Settlement Motion on December 27, 2024 at 4:00 p.m. (ET).

## BASIS FOR RELIEF

5.      Bankruptcy Rule 2002(a)(3) requires twenty-one (21) days' notice by mail of a "hearing on approval or a compromise or settlement or controversy other than approval of an agreement pursuant to Rule 4001(d)," unless the court for cause shown shortens the time or directs another method of service.

6.      Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce notice periods for motions and to do so on an *ex parte* basis.  *See* Fed. R. Bankr. P. 9006(c)(1) ("[W]hen an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."). *See also In re Chateaugay Corp.*, 111 B.R. 399, 407-08 (S.D.N.Y. 1990) (affirming bankruptcy court's decision to shorten notice period where there was no prejudice to the non-moving party and cause was shown).  Similarly, Local Rule 9006-1(e) provides that the Court may shorten the notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).

7.      Ample cause exists to shorten the notice period for the Settlement Motion.[3]  In order to provide certainty to the ongoing sale process through the Canadian Receivership, for which Stellex is proposed to serve as Stalking Horse Bidder, the Foreign Representative requires consideration of the Settlement Motion at the earliest possible opportunity and, in any event, prior to January 6, 2025.  Importantly, the Foreign Representative only seeks to reduce the 21-day notice

---

[3]    Capitalized terms used but not defined herein are intended to have the meanings ascribed to them in the Settlement Motion.

period by one day and does not seek to reduce the 14-day period for other parties to object to the relief sought in the Settlement Motion.

## **AVERMENT PURSUANT TO LOCAL RULE 9006-1(E)**

8.      In accordance with Local Rule 9006-1(e), the Debtors certify that they have notified the Office of the United States Trustee for the District of Delaware (the "UST") of this Motion to Shorten.  The UST takes no position/object to the relief requested herein.

## **NOTICE**

9.      The United States Postal Service (the "USPS") has currently suspended acceptance of mail to Canada due to an ongoing strike by the Canadian Union of Postal Workers.[4]  Under these circumstances, the Foreign Representative intends to mail a copy of this Motion to those parties affected by such strike as soon as the USPS resumes accepting service of mail to Canada.

10.      Subject to the foregoing, the Foreign Representative proposes to provide notice of the Motion to Shorten to the Core Notice Parties in accordance with the *Order Scheduling Recognition Hearing and Specifying Form and Manner of Service of Notice* [Docket No. 29].  The Foreign Representative respectfully submits that no other or further notice is required under the circumstances.

WHEREFORE, the Foreign Representative respectfully request entry of the Order granting this Motion to Shorten, substantially in the form attached hereto as **Exhibit A**, and for such other and further relief as may be appropriate.

---

[4]    *See* https://about.usps.com/newsroom/service-alerts/international/canada-suspension.htm.

Dated:  December 13, 2024          **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Steven W. Golden*

Debra I. Grassgreen (admitted *pro hac vice*)
Steven W. Golden (DE Bar No. 6807)
Colin R. Robinson (DE Bar No. 5524)
Brooke E. Wilson (admitted *pro hac vice*)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Email:  dgrassgreen@pszjlaw.com
       sgolden@pszjlaw.com
       crobinson@pszjlaw.com
       bwilson@pszjlaw.com

*Counsel to the Foreign Representative*