**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ROKSTAD HOLDINGS CORPORATION, et al.,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-12645 (MFW)<br><br>(Jointly Administered)<br><br>**Objection Deadline: November 13, 2026 at 4:00 P.M. (ET)**<br>**Hearing Date: November 17, 2026 at 11:00 A.M. (ET)** |

**FINAL REPORT AND MOTION OF THE FOREIGN REPRESENTATIVE FOR ENTRY OF AN ORDER (I) RECOGNIZING AND ENFORCING THE DISTRIBUTION AND DISCHARGE ORDER; (II) CLOSING THE CHAPTER 15 CASES; AND (III) GRANTING RELATED RELIEF**

FTI Consulting Canada Inc. ("FTI"), in its capacity as the court-appointed receiver (in such capacity, the "Receiver") of the above-captioned debtors (collectively, the "Rokstad Group" or the "Debtors") and in its capacity as the authorized foreign representative (the "Foreign Representative") of the Debtors, which are the subject of a receivership proceeding (the "Canadian Receivership") pursuant to section 243(1) of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended (the "BIA") and section 39 of the *Law and Equity Act*, R.S.B.C. 1996 c. 253, as amended (the "LEA") pending before the Supreme Court of British Columbia in Bankruptcy and Insolvency (the "Canadian Court"), respectfully submits this final report (this "Final Report") and motion (this "Motion"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (a) recognizing and giving effect in the United States

[1] The Debtors in these chapter 15 cases (the "Chapter 15 Cases"), along with the last four digits of each Debtor's unique identifier, are Rokstad Holdings Corporation (7932); Rokstad Power (2018) Ltd. (8273); Golden Ears Painting & Sandblasting (2018) Ltd. (8286); Plowe Power Systems (2018) Ltd. (8882); Rokstad Power (Prairies) Ltd. (9305); Rokstad Power Transmission Services Ltd. (9301); Rokstad Power Construction Services Ltd. (9295); Rokstad Power (East), Inc. (4090); Rokstad Power Inc. (4394); and Rok Air, LLC (6825).

to the Discharge and Distribution Order (defined below) attached to the Order as Exhibit 1; (b) closing these chapter 15 cases (the "Chapter 15 Cases"); and (c) granting related relief. In support of the relief requested herein, the Foreign Representative respectfully states as follows:

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (the "Amended Standing Order"). The Foreign Representative consents, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. § 1410.

3. The statutory bases for the relief requested herein are sections 105, 350(a), 1517(d), 1518(1), 1521, and 1522 of title 11 of the United States Code (the "Bankruptcy Code"); Bankruptcy Rule 5009; and Local Bankruptcy Rule 5009-2.

## FINAL REPORT

### 1. The Commencement of the Canadian Receivership

4. On October 10, 2024, Stellex Power Line Opco LLC ("Stellex Power") and 1501841 B.C. Ltd. ("151," and with Stellex Power, "Stellex") filed its *Notice of Application* (the "Interim Receivership Application") with the Canadian Court under the BIA, seeking to have an

interim receiver appointed over the Canadian Debtors'[2] bank accounts, including all receipts therein and disbursements therefrom. The same date, the Canadian Court granted the Interim Receivership Application and issued the *Order Made After Application (Interim Receiver Appointment)* (the "Interim Receivership Order") pursuant to section 47 of the BIA. Pursuant to the Interim Receivership Order, FTI was appointed as interim receiver of the Canadian Debtors' bank accounts until the earlier of the appointment of FTI as permanent receiver or November 8, 2024.

5. On October 25, 2024, Stellex Power and 151 filed its *Notice of Application* (the "Receivership Application") with the Canadian Court under the BIA and LEA, seeking (i) the addition of the U.S. Debtors[3] as respondents in the Canadian Receivership; and (ii) the appointment of FTI as permanent receiver over all of the assets, undertakings, and property of the Debtors. After holding a hearing on the Receivership Application, the Canadian Court issued an order (the "Receivership Order"),[4] granting the Receivership Application on November 6, 2024.

**2. The Chapter 15 Cases**

6. On November 21, 2024, the Foreign Representative filed voluntary petitions for relief under chapter 15 of the Bankruptcy Code for each of the Debtors in this Court. A description of the Debtors' business and the events leading up to the commencement of the Canadian Receivership and these Chapter 15 Cases is included in the *Declaration of Foreign*

---

2 The "Canadian Debtors" are Rokstad Holdings Corporation; Rokstad Power (2018) Ltd.; Golden Ears Painting & Sandblasting (2018) Ltd.; Plowe Power Systems (2018) Ltd.; Rokstad Power (Prairies) Ltd.; Rokstad Power Transmission Services Ltd.; and Rokstad Power Construction Services Ltd.

3 The "U.S. Debtors" are Rokstad Power (East), Inc.; Rokstad Power Inc.; and Rok Air, LLC.

4 A true and correct certified copy of the Receivership Order is attached to the Verified Petition [Docket No. 4] as Exhibit B.

*Representative Pursuant to 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and in Support of Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Foreign Representative Declaration"),[5] fully incorporated herein by reference.

7. On November 21, 2024, the Foreign Representative filed the *Verified Petition for (I) Recognition of Foreign Main Proceeding; (II) Recognition of Foreign Representative; and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [Docket No. 4] (the "Verified Petition"), seeking, among other things, recognition of the Canadian Receivership as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

8. On November 22, 2024, the Court entered the *Order Granting Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code* [Docket No. 28] (the "Provisional Recognition Order"), giving provisional recognition to the Canadian Receivership and granting full force and effect to the Receivership Order on a provisional basis. On December 12, 2024, the Court entered the *Order Granting Petition for (I) Recognition of Foreign Main Proceeding; (II) Recognition of Foreign Representative; and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [Docket No. 37] (the "Recognition Order").

**3. Sale Process and Procedures**

9. On December 6, 2024, the Receiver filed the *Notice of Application* (the "Notice of SSP Application") with the Canadian Court, seeking entry of, *inter alia*, an order approving procedures for a sale and solicitation process (the "SSP") and an asset purchase agreement

---

5 Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Foreign Representative Declaration.

between Stellex and the Receiver, dated December 5, 2024 (the "Stalking Horse APA," and the transactions outlined therein, the "Stalking Horse Bid"). The SSP was intended to solicit interest in, and opportunities for, a sale of all, or substantially all, of the Property and/or Business of the Debtors (each, a "Sale"). No objections to the entry of an order granting the requested relief were lodged at or before the December 13, 2024 hearing thereon, and the Canadian Court entered the Sale Solicitation Process Order on December 13, 2024 (the "SSP Order").

10. In accordance with the SSP Order, the Receiver conducted the SSP and extensively canvassed the market. In addition to the Stalking Horse APA, which was deemed a Qualified Bid under the SSP Order, the Debtors received one additional bid from Graham Maintenance Services LP and 42 West Constructors Ltd. (collectively, "Graham"), solely with respect to certain of the Debtors' Canadian assets (the "Graham Bid").

11. In accordance with the terms of the Stalking Horse APA and the SSP, the Receiver, in consultation with Stellex, undertook the negotiation of the Graham Bid. Such negotiations concluded in the execution of the Lot Bid Agreement (as defined below). While the Stalking Horse APA was for the purchase and sale of all, or substantially all, of the Debtors' assets, the Lot Bid Agreement and the Asset Purchase Agreement (as defined below) generally divided the Debtors' assets and businesses along country lines – Graham proposed to acquire substantially all of the Debtors' assets and business in Canada, while Stellex proposed to acquire substantially all of the Debtors' assets and business in the United States (and some very limited property owned by the Debtors in Canada).

12. On January 21, 2025, the Receiver filed the *Notice of Application* (the "Notice of Sale Application") with the Canadian Court, seeking approval of, *inter alia*, (a) that certain *Asset Purchase Agreement* by and among the Receiver and the Buyers, dated January 20, 2025, (the

"Asset Purchase Agreement"); and (b) that certain *Asset Purchase Agreement* by and among the Receiver and Graham, dated January 20, 2025, (the "Lot Bid Agreement").

13. On January 31, 2025, the Canadian Court entered its *Order Made After Application (Stellex Transaction Approval and Vesting Order)* and its *Order Made After Application (Stellex Backup Transaction Approval and Vesting Order)* (the "Canadian Sale Orders"), approving the relief requested in the Notice of Sale Application.

14. On January 21, 2025, the Foreign Representative filed a motion[6] (the "Sale Recognition Motion"), seeking entry of an order recognizing and enforcing the Canadian Sale Orders in the United States.[7] On February 7, 2025, the Court entered an order[8] (the "Sale Recognition Order") granting the relief requested in the Sale Recognition Motion.

15. Both sales to Graham and Stellex have closed. On February 14, 2025, the Receiver filed a certificate certifying that the conditions to closing of the Lot Bid Agreement with Graham had been satisfied or waived (as applicable), and that the transaction contemplated in the Lot Bid Agreement had been completed to the satisfaction of the Receiver. On March 31, 2025, the Receiver filed a certificate certifying that the conditions to closing of the Asset Purchase Agreement with Stellex had been satisfied or waived, as applicable, and that the transaction

---

6 *Motion Pursuant to Sections 105(a), 363, 365, 1501, 1507, 1520, and 1521 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006, and 9014, for Entry of an Order (I) Recognizing and Enforcing the Approval and Vesting Order (and, in the Alternative, the Back-Up Approval and Vesting Order), (II) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, and Encumbrances, (III) Assuming and Assigning Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 66].

7 The Sale Recognition Motion did not seek court approval and recognition of the Lot Bid Agreement to Graham, as the Lot Bid Agreement did not contemplate the purchase of any of the Debtors' assets located in the United States.

8 *Order Granting Motion of Foreign Representative, Pursuant to Sections 105(a), 363, 365, 1501, 1507, 1520, and 1521 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006, and 9014, for Entry of an Order (I) Recognizing and Enforcing the Approval and Vesting Order (and, in the Alternative, the Back-Up Approval and Vesting Order), (II) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, and Encumbrances, (III) Assuming and Assigning Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 78].

contemplated in the Asset Purchase Agreement had been completed to the satisfaction of the Receiver.

**4. Distribution and Discharge Order**

16. On September 25, 2026, the Receiver filed a *Supplemental Notice of Application* with the Canadian Court (the "Distribution and Discharge Order Motion"). On October 9, 2026, the Canadian Court granted the Distribution and Discharge Order Motion and entered an order (the "Discharge and Distribution Order").

17. The Distribution and Discharge Order, *inter alia*, approves the fees and disbursements of the Receiver and its Canadian counsel; authorizes and directs the Receiver to distribute the remaining net receivership proceeds to Stellex Power after payment of the fees to the Receiver and the Receiver's counsel; authorizes the Receiver and its counsel to, at the Receiver's option, return or destroy the Debtors' books, records, and documents; and discharges the Receiver as Receiver of the assets, undertakings, and property of the Debtors upon distribution of the funds, subject to two exceptions. The Distribution and Discharge Order also discharges and releases FTI:

> from any and all liability that FTI now has or may hereafter have by reason of, or in any way arising out of, the acts or omissions of FTI while acting in its capacity as Receiver herein, save and except for any gross negligence or wilful misconduct on its part. Without limiting the generality of the foregoing, FTI is hereby forever released and discharged from any and all liability relating to matters that were raised, or which could have been raised, in the within receivership proceedings, save and except for any gross negligence or wilful misconduct on its part.

Distribution and Discharge Order, ¶ 5.

18. The Distribution and Discharge Order also includes a request for this Court's "aid

and recognition" in giving effect to the Distribution and Discharge Order. It provides:[9]

> This Court hereby requests the aid and recognition of any court, tribunal, assignee for the benefit of creditors, regulatory or administrative body, wherever located, including but not limited to the United States Bankruptcy Court for the District of Delaware, to give effect to this Order and to assist the Receiver and its agents in carrying out the terms of this Order. All courts, tribunals, assignees for the benefit of creditors, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Receiver, as an officer of this Court, as may be necessary or desirable to give effect to this Order or to assist the Receiver and its agents in carrying out the terms of this Order.

19. The foregoing serves as the Foreign Representative's Final Report as required pursuant to Bankruptcy Rule 5009(c).

## <u>Relief Requested</u>

20. By this Motion, the Foreign Representative respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, closing the Chapter 15 Cases without prejudice pursuant to sections 105, 350, 1517(d) and 1518(1) of the Bankruptcy Code, Bankruptcy Rule 5009(c), and Local Bankruptcy Rule 5009-2, and recognizing and enforcing the Distribution and Discharge Order pursuant to section 1521 of the Bankruptcy Code.

## <u>Basis For Relief</u>

### I. The Chapter 15 Cases are Complete and Closing These Cases is Appropriate

21. Section 1517(d) of the Bankruptcy Code provides that "[a] case under this chapter [15] may be closed in the manner prescribed under section 350."[10] Pursuant to section 350 of the

---

9 Distribution and Discharge Order at ¶ 9.

10 11 U.S.C. § 1517(d).

Bankruptcy Code, a bankruptcy case may be closed "[a]fter an estate is fully administered."[11] Bankruptcy Rule 5009(c) provides:

> **(1)** ***Foreign Representative's Final Report***. In a proceeding recognized under § 1517, when the purpose of a foreign representative's appearance is completed, the representative must file a final report describing the nature and results of the representative's activities in the court.
>
> **(2)** ***Giving Notice of the Report***. The representative must send a copy of the report to the United States trustee, give notice of its filing, and file a certificate indicating that the notice has been given to:
>
> > **(A)** the debtor;
> >
> > **(B)** all persons or bodies authorized to administer the debtor's foreign proceedings;
> >
> > **(C)** all parties to litigation pending in the United States in which the debtor was a party when the petition was filed; and
> >
> > **(D)** any other entity the court designates.
>
> **(3)** ***Presumption of Full Administration.*** If the United States trustee or a party in interest does not file an objection within 30 days after the certificate is filed, the case is presumed to have been fully administered.[12]

22. As of the date hereof, the Foreign Representative has fulfilled the purposes of its appearance before this Court in connection with the Chapter 15 Cases. Other than this Motion, there are no outstanding motions, contested matters or adversary proceedings. Based on the foregoing, the Foreign Representative has determined that it no longer requires the assistance of this Court in connection with the administration of the Canadian Receivership.

---

[11] 11 U.S.C. § 350(a).

[12] Fed. R. Bankr. P. 5009(c).

23. The Foreign Representative expects no objection from the Office of the United States Trustee for the District of Delaware or otherwise within the 30-day period mandated by Bankruptcy Rule 5009(c) and Local Rule 5009-2(b). If no objection is filed, Bankruptcy Rule 5009(c) and Local Rule 5009-2(b) will create a presumption that the Chapter 15 Cases have been fully administered, and permit the Court to close the Chapter 15 Cases.

24. Finally, section 105 of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."[13] As detailed herein, the purpose of the Foreign Representative's appearance in this Court has been completed, and these Chapter 15 Cases have been fully administered. The Final Report also details the nature and results of the Foreign Representative's activities in this Court, thereby satisfying Bankruptcy Rule 5009(c) and Local Rule 5009-2. Accordingly, the Foreign Representative submits that it is appropriate for the Court to enter an order closing the Chapter 15 Cases, effective upon entry of such order.

## II. Recognizing the Distribution and Discharge Order is Appropriate

25. Recognizing the Distribution and Discharge Order is appropriate in these cases. Section 1521(a) of the Bankruptcy Code authorizes this Court, "at the request of the foreign representative, [to] grant any appropriate relief."[14] The Court may grant such relief so long as it is not "manifestly contrary to the public policy of the United States."[15] Relief is permitted under section 1522 of the Bankruptcy Code so long as "the interests of the creditors and other interested entities, including the debtor, are sufficiently protected."[16] The Distribution and Discharge Order

---

13 11 U.S.C. § 105(a).

14 11 U.S.C. § 1521(a).

15 11 U.S.C. § 1506.

16 11 U.S.C. § 1522(a).

provides for customary relief, including discharging the Receiver from its duties and exculpating the Receiver in relation to its work in the Canadian Receivership, except for liabilities or obligations arising from any gross negligence or willful misconduct. Accordingly, the relief provided by the Distribution and Discharge Order is consistent with, and not contrary to, United States public policy, including the policy of providing customary court-ordered exculpation for estate fiduciaries.

**Notice**

26. The Foreign Representative will serve this Final Report and Motion on (a) the United States Trustee; (b) the Debtors; (c) the Core Notice Parties; and (d) all parties to litigation pending in the United States in which the Debtors were party at the time of the commencement of these Chapter 15 Cases.

**No Prior Request**

27. No prior request for the relief sought herein has been made to this or any other Court.

*[Remainder of page intentionally left blank.]*

WHEREFORE the Foreign Representative respectfully requests the Court enter the Order, in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as it deems just and proper.

Dated: October 14, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Steven W. Golden*

Debra I. Grassgreen (admitted *pro hac vice*)
Steven W. Golden (DE Bar No. 6807)
Brooke E. Wilson (admitted *pro hac vice*)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Email: dgrassgreen@pszjlaw.com
sgolden@pszjlaw.com
bwilson@pszjlaw.com

*Counsel to the Foreign Representative*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ROKSTAD HOLDINGS CORPORATION, et al.,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-12645 (MFW)<br><br>(Jointly Administered)<br><br>**Objection Deadline: November 13, 2026 at 4:00 P.M. (ET)**<br>**Hearing Date: November 17, 2026 at 11:00 A.M. (ET)** |

**NOTICE OF FINAL REPORT AND MOTION**

TO: (a) the United States Trustee; (b) the Debtors; (c) all parties that have filed a request for notice under Bankruptcy Rule 2002; (d) all parties to litigation pending in the United States in which the Debtors were party at the time of the commencement of these Chapter 15 Cases; and (e) taxing authorities in all jurisdictions in which the Debtors operated

**PLEASE TAKE NOTICE** that FTI Consulting Canada Inc. ("FTI"), in its capacity as the court-appointed receiver (in such capacity, the "Receiver") of the above-captioned debtors (collectively, the "Rokstad Group" or the "Debtors") and in its capacity as the authorized foreign representative (the "Foreign Representative") of the Debtors, has filed the *Final Report and Motion of the Foreign Representative for Entry of an Order (I) Recognizing and Enforcing the Distribution and Discharge Order; (II) Closing of the Chapter 15 Cases; and (III) Granting Related Relief* (the "Final Report and Motion") with the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to entry of an order approving the Final Report and Motion must be filed on or **before November 13, 2026 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline") with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801. At the same time, you must serve a copy of the objection upon the counsel to the Foreign Representative.

A HEARING ON THE MOTION WILL BE HELD ON **NOVEMBER 17, 2026 AT 11:00 A.M. (ET) VIA ZOOM** BEFORE THE HONORABLE MARY F. WALRATH, UNITED STATES BANKRUPTCY JUDGE FOR THE UNITED STATES BANKRUPTCY COURT FOR

[1] The Debtors in these chapter 15 cases (the "Chapter 15 Cases"), along with the last four digits of each Debtor's unique identifier, are Rokstad Holdings Corporation (7932); Rokstad Power (2018) Ltd. (8273); Golden Ears Painting & Sandblasting (2018) Ltd. (8286); Plowe Power Systems (2018) Ltd. (8882); Rokstad Power (Prairies) Ltd. (9305); Rokstad Power Transmission Services Ltd. (9301); Rokstad Power Construction Services Ltd. (9295); Rokstad Power (East), Inc. (4090); Rokstad Power Inc. (4394); and Rok Air, LLC (6825).

THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 4, WILMINGTON, DELAWARE 19801.

**PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.**

Dated: October 14, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Steven W. Golden*

Debra I. Grassgreen (admitted *pro hac vice*)
Steven W. Golden (DE Bar No. 6807)
Brooke E. Wilson (admitted *pro hac vice*)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Email: dgrassgreen@pszjlaw.com
sgolden@pszjlaw.com
bwilson@pszjlaw.com

*Counsel to the Foreign Representative*