# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ROKSTAD HOLDINGS CORPORATION,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-12645 (MFW) |
| In re:<br><br>ROKSTAD POWER (EAST), INC.,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-12656 (MFW) |
| In re:<br><br>ROKSTAD POWER (2018) LTD.,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-12649 (MFW) |
| In re:<br><br>ROKSTAD POWER INC.<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-12646 (MFW) |
| In re:<br><br>GOLDEN EARS PAINTING &<br>SANDBLASTING (2018) INC.<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-12650 (MFW) |
| In re:<br><br>PLOWE POWER SYSTEMS (2018) LTD.<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-12652 (MFW) |
| In re:<br><br>ROKSTAD POWER (PRAIRIES) LTD.<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-12653 (MFW) |

| | |
|---|---|
| In re:<br><br>ROKSTAD POWER TRANSMISSION SERVICES LTD.<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-12654 (MFW) |
| In re:<br><br>ROKSTAD POWER CONSTRUCTION SERVICES LTD.<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-12655 (MFW) |
| In re:<br><br>ROK AIR, LLC<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-12657 (MFW) |

**ORDER (I) RECOGNIZING AND ENFORCING THE DISTRIBUTION AND DISCHARGE ORDER; (II) CLOSING THE CHAPTER 15 CASES; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[1] of FTI Consulting Canada Inc. ("FTI"), in its capacity as the court-appointed receiver (in such capacity, the "Receiver") of the above-captioned debtors (collectively, the "Rokstad Group" or the "Debtors") and in its capacity as the authorized foreign representative (the "Foreign Representative") of the Debtors, pursuant to sections 105, 350(a), 1517(d), 1518(1), 1521 and 1522 of the Bankruptcy Code, Bankruptcy Rule 5009, and Local Rule 5009-2, for entry of an order recognizing the Distribution and Discharge Order and closing the Chapter 15 Cases; and upon consideration of the Final Report; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District

1 Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

of Delaware, dated February 29, 2012, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interest of the Debtors, their creditors and other parties-in-interest; and after due deliberation, and good and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The Distribution and Discharge Order entered in the Canadian Receivership is hereby recognized in its entirety and given full force and effect in the territorial jurisdiction of the United States.

3. The Final Report is approved.

4. The Chapter 15 Cases are hereby closed.

5. This Order is without prejudice to the rights of any party to seek to reopen the Chapter 15 Cases for cause pursuant to section 350(b) of the Bankruptcy Code.

6. Any orders heretofore entered by this Court in the Chapter 15 Cases shall survive the entry of this Order.

7. The clerk of this Court shall enter this Order on the docket of each of the following Chapter 15 Cases and mark such dockets as “Closed”:

| DEBTOR | CASE NO. |
|---|---|
| ROKSTAD HOLDINGS CORPORATION | 24-12645 |
| ROKSTAD POWER (EAST), INC. | 24-12656 |
| ROKSTAD POWER (2018) LTD. | 24-12649 |
| ROKSTAD POWER INC. | 24-12646 |
| GOLDEN EARS PAINTING & SANDBLASTING (2018) INC. | 24-12650 |

| DEBTOR | CASE NO. |
|---|---|
| PLOWE POWER SYSTEMS (2018) LTD. | 24-12652 |
| ROKSTAD POWER (PRAIRIES) LTD. | 24-12653 |
| ROKSTAD POWER TRANSMISSION SERVICES LTD. | 24-12654 |
| ROKSTAD POWER CONSTRUCTION SERVICES LTD. | 24-12655 |
| ROK AIR, LLC | 24-12657 |

8. Notwithstanding anything to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction with respect to its prior orders in the Chapter 15 Cases, the enforcement, amendment or implementation of this Order or requests for any additional relief in or related to the Chapter 15 Cases.

**Exhibit 1**

SUPREME COURT
OF BRITISH COLUMBIA
VANCOUVER REGISTRY

OCT 0 9 2026

ENTERED

No. B-240477
VANCOUVER REGISTRY

**IN THE SUPREME COURT OF BRITISH COLUMBIA
IN BANKRUPTCY AND INSOLVENCY**

Between:

STELLEX POWER LINE OPCO LLC AND 1501841 B.C. LTD.

PETITIONERS

And:

ROKSTAD HOLDINGS CORPORATION, ROKSTAD POWER (2018) LTD., ROKSTAD POWER CONSTRUCTION SERVICES LTD., ROKSTAD POWER TRANSMISSION SERVICES LTD., ROKSTAD POWER (PRAIRIES) LTD., GOLDEN EARS PAINTING & SANDBLASTING (2018) LTD., PLOWE POWER SYSTEMS (2018) LTD., ROKSTAD POWER (EAST), INC., ROKSTAD POWER INC. AND ROK AIR, LLC

RESPONDENTS

**ORDER MADE AFTER APPLICATION**

| | | | | |
|---|---|---|---|---|
| | ) | THE HONOURABLE JUSTICE LOO | ) | |
| BEFORE | ) | | ) | 09/OCT/2026 |
| | ) | ______________________________ | ) | |

ON THE APPLICATION of FTI Consulting Canada Inc. ("**FTI**"), in its capacity as court appointed receiver (the "**Receiver**") of Rokstad Holdings Corporation, Rokstad Power (2018) Ltd., Rokstad Power Construction Services Ltd, Rokstad Power Transmission Services Ltd., Rokstad Power (Prairies) Ltd., Golden Ears Painting and Sandblasting (2018) Ltd., Plowe Power Systems (2018) Ltd, Rokstad Power (East), Inc., Rokstad Power Inc., and Rok Air, LLC (collectively, the "**Debtors**") pursuant to the orders of Justice Loo pronounced on October 10, 2024, and November 6, 2024, coming on for hearing October 9, 2026, at 800 Smithe Street, Vancouver, British Columbia; AND ON HEARING Christian Garton, counsel for the Receiver, and those other counsel listed in **Schedule "A"** hereto; AND ON READING the material filed, including the Fifth Report of the Receiver filed September 25, 2026 (the "**Fifth Report**"), the First Affidavit of Craig Munro filed September 25, 2026 ("**Munro Affidavit #1**"), and the First Affidavit of Mary Buttery, K.C. filed September 25, 2026 ("**Buttery Affidavit #1**");

THIS COURT ORDERS AND DECLARES THAT:

**RECEIVER ACTIVITIES, DISTRIBUTION, AND DISCHARGE**

1. The actions, conduct, and activities of the Receiver as set out in the Fifth Report are hereby approved, provided, however, that only the Receiver, in its personal capacity and only with respect to its own personal liability, shall be entitled to rely upon or utilize in any way such approval.

2. The fees and disbursements of the Receiver and its counsel, as set out in the Fifth Report, Munro Affidavit #1, and Buttery Affidavit #1 are hereby approved.

3. After payment of the fees and disbursements of the Receiver and its counsel as herein approved, including estimated Completion Fees (as defined and described in the Fifth Report), the Receiver shall pay all funds remaining in its hands to Stellex Power Line Opco LLC.

4. Upon payment of the amount set out in paragraph 3 hereof, the Receiver shall be discharged as Receiver of the assets, undertaking and property of the Debtors, provided that notwithstanding its discharge herein: (a) the Receiver shall remain Receiver for the performance of such incidental duties as may be required to complete the administration of the receivership herein; and (b) the Receiver shall continue to have the benefit of the provisions of all Orders made in this proceeding, including all approvals, protections and stays of proceedings in favour of FTI in its capacity as Receiver.

5. FTI is hereby released and discharged from any and all liability that FTI now has or may hereafter have by reason of, or in any way arising out of, the acts or omissions of FTI while acting in its capacity as Receiver herein, save and except for any gross negligence or wilful misconduct on its part. Without limiting the generality of the foregoing, FTI is hereby forever released and discharged from any and all liability relating to matters that were raised, or which could have been raised, in the within receivership proceedings, save and except for any gross negligence or wilful misconduct on its part.

6. Notwithstanding any provision herein, this Order shall not affect any person to whom notice of these proceedings was not delivered as required by the *Bankruptcy and Insolvency Act,* R.S.C. 1985, c. B-3 and regulations thereto, any other applicable enactment, or any other Order of this Court.

**GENERAL**

7. The Receiver and its counsel are hereby authorized, but not directed, to return all books, records, and any other documents of the Debtors in their possession, custody, or control to the Debtors' directors, or, at the Receiver's sole option and discretion, to destroy or otherwise dispose of such books, records, and other documents.

8. Notwithstanding any provisions of the *Business Corporations Act*, S.B.C. 2002, c. 57, or the articles of the Debtor entity, Rokstad Holdings Corporation, the Receiver is hereby authorized to change the name of Rokstad Holdings Corporation to a numbered name ending in "B.C. Ltd." as assigned by British Columbia Registry Services, and the Receiver or its counsel, as applicable, are authorized to take all steps and sign all documents required to implement such name change.

9. This Court hereby requests the aid and recognition of any court, tribunal, assignee for the benefit of creditors, regulatory or administrative body, wherever located, including but not limited to the United States Bankruptcy Court for the District of Delaware, to give effect to this Order and to assist the Receiver and its agents in carrying out the terms of this Order. All courts, tribunals, assignees for the benefit of creditors, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Receiver, as an officer of this Court, as may be necessary or desirable to give effect to this Order or to assist the Receiver and its agents in carrying out the terms of this Order.

10. The Receiver may apply to this Court for advice and directions in relation to this order and any related matters.

11. Endorsement of this Order by counsel appearing on this application other than counsel for the Receiver is hereby dispensed with.

THE FOLLOWING PARTIES APPROVE THE FORM OF THIS ORDER AND CONSENT TO EACH OF THE ORDERS, IF ANY, THAT ARE INDICATED ABOVE AS BEING BY CONSENT:

Lucas Hodgson

For: Signature of Christian Garton
Counsel for the Receiver

CHECKED

BY THE COURT

Registrar in Bankruptcy

**SCHEDULE "A"**

**Appearance List**

| COUNSEL NAME | PARTY REPRESENTED |
|---|---|
| Christian Garton<br>Lucas Hodgson | The Receiver |
| Peter Bychawski | counsel for the Petitioners |
| | |
| | |
| | |
| | |